IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TASHA R. HOOKS,       Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 17-CV-229-N |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security,       Defendant. | ) ) ) ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tasha R. Hooks ("Hooks") brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("the Commissioner") denying his applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq*. Upon consideration of the parties' briefs (Docs. 9, 12) and those portions of the administrative record (Doc. 8) (hereinafter cited as "(Tr. [page number(s) in lower-right corner of transcript])") relevant to the issues raised, and with the benefit of oral argument held January 4, 2018, the Court finds that the Commissioner's final decision is due to be **AFFIRMED** under sentence four of § 405(g).[1]

---

[1] With the consent of the parties, the Court has designated the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in this civil action, in accordance with 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and S.D. Ala. GenLR 73. (*See* Docs. 15, 16).

I. *Background*

On May 9, 2016, Hooks filed a Title II application for a period of disability, with the Social Security Administration ("SSA"), alleging disability beginning October 21, 2010.[2] (Tr. 145-146). After her application was initially denied, Hooks requested a hearing before an Administrative Law Judge ("ALJ") with the SSA's Office of Disability Adjudication and Review. A hearing was held December 5, 2016, and on December 23, 2016, the ALJ issued an unfavorable decision on Hooks' application, finding that Hooks "was not under a disability within the meaning of the Social Security Act from October 21, 2010, through the date last insured." (Tr. 35).

On April 26, 2017, the Commissioner's decision on Hooks' application became final when the Appeals Council for the Office of Disability Adjudication and Review denied Hooks' request for review of the ALJ's decision. (Tr. 20-25). Hooks subsequently filed this action under § 405(g) for judicial review of the Commissioner's final decision. (*See* Doc. 1); 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing [for SSI benefits] shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."); 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social

---

[2] "For SSI claims, a claimant becomes eligible in the first month where she is both disabled and has an SSI application on file. 20 C.F.R. § 416.202–03 (2005). For DIB claims, a claimant is eligible for benefits where she demonstrates disability on or before the last date for which she w[as] insured. 42 U.S.C. § 423(a)(1)(A) (2005)." *Moore v. Barnhart,* 405 F.3d 1208, 1211 (11th Cir. 2005).

Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow."); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1262 (11th Cir. 2007) ("The settled law of this Circuit is that a court may review, under sentence four of section 405(g), a denial of review by the Appeals Council.").

## II. *Standards of Review*

"In Social Security appeals, [the Court] must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011)(internal citations and quotations omitted). However, the Court may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]. *Id.* (internal citations and quotations omitted). "'Even if the evidence preponderates against the [Commissioner]'s factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence.'" *Ingram*, 496 F.3d at 1260 (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

"Yet, within this narrowly circumscribed role, [courts] do not act as automatons. [The Court] must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence[.]"

3

*Bloodsworth*, 703 F.2d at 1239 (citations and quotation omitted). *See also Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam) ("We are neither to conduct a de novo proceeding, nor to rubber stamp the administrative decisions that come before us. Rather, our function is to ensure that the decision was based on a reasonable and consistently applied standard, and was carefully considered in light of all the relevant facts.").[3] "In determining whether substantial evidence exists, [a court] must…tak[e] into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

However, the "substantial evidence" "standard of review applies only to findings of fact. No similar presumption of validity attaches to the [Commissioner]'s conclusions of law, including determination of the proper standards to be applied in reviewing claims." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986) (quotation omitted). *Accord, e.g.*, *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982) ("Our standard of review for appeals from the administrative denials of

---

[3] Nevertheless, " '[t]here is no burden upon the district court to distill every potential argument that could be made based on the materials before it…' " *Solutia, Inc. v. McWane, Inc.*, 672 F.3d 1230, 1239 (11th Cir. 2012) (per curiam) (quoting *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc)) (ellipsis added). Generally, claims of error not raised in the district court are deemed waived. *See Stewart v. Dep't of Health & Human Servs.*, 26 F.3d 115, 115 – 16 (11th Cir. 1994) ("As a general principle, [the court of appeals] will not address an argument that has not been raised in the district court…Because Stewart did not present any of his assertions in the district court, we decline to consider them on appeal." (applying rule in appeal of judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3)); *Hunter v. Comm'r of Soc. Sec.*, 651 F. App'x 958, 962 (11th Cir. 2016) (per curiam) (unpublished) (same); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 769 (11th Cir. 2016) (per curiam) (unpublished) ("As a general rule, we do not consider arguments that have not been fairly presented to a respective agency or to the district court. *See Kelley v. Apfel*, 185 F.3d 1211, 1215 (11th Cir. 1999) (treating as waived a challenge to the administrative law judge's reliance on the testimony of a vocational expert that was 'not raise[d] . . . before the administrative agency or the district court').");
*In re Pan Am. World Airways, Inc., Maternity Leave Practices & Flight Attendant Weight Program Litig.*, 905 F.2d 1457, 1462 (11th Cir. 1990) ("[I]f a party hopes to preserve a claim, argument, theory, or defense for appeal, she must first clearly present it to the district court, that is, in such a way as to afford the district court an opportunity to recognize and rule on it."); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (applying *In re Pan American World Airways* in Social Security appeal).

Social Security benefits dictates that '(t)he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive ....' 42 U.S.C.A. s 405(g) … As is plain from the statutory language, this deferential standard of review is applicable only to findings of fact made by the Secretary, and it is well established that no similar presumption of validity attaches to the Secretary's conclusions of law, including determination of the proper standards to be applied in reviewing claims." (some quotation marks omitted)). This Court "conduct[s] 'an exacting examination' of these factors." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996) (per curiam) (quoting *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "'The [Commissioner]'s failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.'" *Ingram*, 496 F.3d at 1260 (quoting *Cornelius v. Sullivan*, 936 F.2d 1143, 1145-46 (11th Cir. 1991)). *Accord Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In sum, courts "review the Commissioner's factual findings with deference and the Commissioner's legal conclusions with close scrutiny." *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). *See also Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("In Social Security appeals, we review *de novo* the legal principles upon which the Commissioner's decision is based. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). However, we review the resulting decision only to determine whether it is supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).").

5

> Eligibility for DIB and SSI requires that the claimant be disabled. 42 U.S.C. §§ 423(a)(1)(E), 1382(a)(1)-(2). A claimant is disabled if she is unable "to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

*Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 609 (11th Cir. 2015) (per curiam) (unpublished).[4]

> The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178 (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *Phillips*, 357 F.3d at 1237-39).[5]

"These regulations place a very heavy burden on the claimant to demonstrate both a qualifying disability and an inability to perform past relevant work." *Moore*, 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir. 1985)). "In determining whether the claimant has satisfied this initial burden, the examiner must consider four factors: (1) objective medical facts or clinical findings; (2) the

---

[4] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

[5] The Court will hereinafter use "Step One," "Step Two," etc. when referencing individual steps of this five-step sequential evaluation.

6

diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history." *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir. 1983) (per curiam)). "These factors must be considered both singly and in combination. Presence or absence of a single factor is not, in itself, conclusive." *Bloodsworth*, 703 F.2d at 1240 (citations omitted).

If, in Steps One through Four of the five-step evaluation, a claimant proves that he or she has a qualifying disability and cannot do his or her past relevant work, it then becomes the Commissioner's burden, at Step Five, to prove that the claimant is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, although the "claimant bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987). *See also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) ("It is well-established that the ALJ has a basic duty to develop a full and fair record. Nevertheless, the claimant bears the burden of proving that he is disabled, and, consequently, he is responsible for producing evidence in support of his claim." (citations omitted)). "This is an onerous task, as the ALJ must scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts. In determining whether a claimant is disabled, the ALJ must consider the

evidence as a whole." *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (per curiam) (citation and quotation omitted).

Where, as here, the ALJ denied benefits and the Appeals Council denied review of that decision, the Court "review[s] the ALJ's decision as the Commissioner's final decision." *Doughty*, 245 F.3d at 1278. "[W]hen the [Appeals Council] has denied review, [the Court] will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998). If the applicant attacks only the ALJ's decision, the Court may not consider evidence that was presented to the Appeals Council but not to the ALJ. *See id.* at 1324.

### III. *Analysis*

At Step One, the ALJ determined that Hooks met the applicable insured status requirements through December 31, 2015, and that she had not engaged in substantial gainful activity since the alleged disability onset date of October 21, 2010. (Tr. 37). At Step Two, the ALJ determined that Hooks had the following severe impairments: affective disorder, anxiety disorder, PTSD[6], and bursitis in the left hip. (Tr. 37). At Step Three, the ALJ found that Hooks did not have an impairment or combination of impairments that met or equaled the severity of one of the specified impairments in the relevant Listing of Impairments. (Tr. 38).

At Step Four,

> the ALJ must assess: (1) the claimant's residual functional capacity ("RFC"); and (2) the claimant's ability to return to her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). As for the claimant's RFC, the

---

[6] PTSD is an acronym for post-traumatic stress disorder.

8

regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments. 20 C.F.R. § 404.1545(a). Moreover, the ALJ will "assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence" in the case. 20 C.F.R. § 404.1520(e). Furthermore, the RFC determination is used both to determine whether the claimant: (1) can return to her past relevant work under the fourth step; and (2) can adjust to other work under the fifth step…20 C.F.R. § 404.1520(e).

If the claimant can return to her past relevant work, the ALJ will conclude that the claimant is not disabled. 20 C.F.R. § 404.1520(a)(4)(iv) & (f). If the claimant cannot return to her past relevant work, the ALJ moves on to step five.

In determining whether [a claimant] can return to her past relevant work, the ALJ must determine the claimant's RFC using all relevant medical and other evidence in the case. 20 C.F.R. § 404.1520(e). That is, the ALJ must determine if the claimant is limited to a particular work level. *See* 20 C.F.R. § 404.1567. Once the ALJ assesses the claimant's RFC and determines that the claimant cannot return to her prior relevant work, the ALJ moves on to the fifth, and final, step.

*Phillips*, 357 F.3d at 1238-39 (footnote omitted).

The ALJ determined that Hooks had the RFC "to perform light work as defined in 20 CFR 404.1567(b) except occasionally climb ladders ropes or scaffolds; occasionally crouch; and never kneel or crawl. The claimant should be employed in a low stress job, defined as only simple decision making required, with only occasional interaction with the public or co-workers." (Tr. 39).

Based on this RFC, the ALJ determined that Hooks was unable to perform any past relevant work as a cashier. (Tr. 44). At Step Five, after taking testimony from a vocational expert, the ALJ found that there exist significant numbers of jobs in the national economy that Hooks can perform given her RFC, age, education, and work

9

experience. (Tr. 45). Thus, the ALJ found that Hooks was not disabled under the Social Security Act. (Id.).

### a. First Claim of Error (Consideration of Severe Mental Impairment)

The ALJ determined that Hooks had the following severe impairments: affective disorder, anxiety disorder, PTSD, and bursitis in the left hip. (Tr. 37). Plaintiff describes her first claim of error as follows: "While the ALJ found that the Plaintiff has a severe mental impairment, his RFC assessment does not consider the impact of this impairment on functional ability as required by SSR 96-8p." (Doc. 9 at 1-2). Plaintiff's argument, in essence, is that because the ALJ noted moderate difficulties with regard to concentration, persistence, or pace and with regard to social functioning, the ALJ committed reversible error by failing to address certain vocational limitations because he "made no determination about Plaintiff's ability to respond appropriately to customary work pressures or her ability to respond appropriately to supervisors" and "failed to make any determination about Plaintiff's ability to maintain concentration, persistence, or pace or her ability to deal with changes in the work setting." (Doc. 9 at 2-3).

Although the ALJ may not have articulated precise findings regarding appropriate response to customary work pressures, interactions with supervisors, dealing with change in the work place, or ability to maintain concentration, persistence, or pace, he did address these limitation generally. For example, the RFC sufficiently accounts for Plaintiff's moderate limitations in social functioning by limiting Plaintiff to only occasional interaction with the public or co-workers. (Tr. 39-

44). *See Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (providing that the ALJ's hypothetical question need not include "each and every symptom of the claimant," but must include "all of the claimant's impairments"); *See also Shaw v. Astrue,* 392 F. App'x. 684, 687 (11th Cir. 2010) ("Although [the ALJ] did not specifically address the findings regarding poor functionality in dealing with supervisors or stress, his RFC finding [limiting the claimant to work with simple instructions and no more than limited public contact] was not inconsistent with this.").

In discussing Plaintiff's social functioning, the ALJ referenced Plaintiff's interactions with family, her ability to complete college, to work, and to maintain a long term relationship. (Tr. 39-43). The ALJ also noted that Plaintiff is able to "understand written and verbal information/instructions, carry[] out simple tasks, and express herself." (Tr. 42). This indicates the ALJ did address Plaintiff's ability to deal with changes in the work setting and ability to maintain concentration, persistence, or pace. Accordingly, the Court finds that Plaintiff's first claim of error is meritless. *See Moore v. Comm'r of Soc. Sec.*, 478 F.App'x. 623, 625 (11th Cir. 2012) (finding that although the ALJ did not expressly include all of the plaintiff's conditions, the RFC adequately accounted for the limitations imposed by the plaintiff's condition); *Ehrisman v. Astrue*, 377 F. App'x. 917, 920 (11th Cir. 2010) ("Although the ALJ did not specifically include the findings as to [the claimant's] mental limitations in the statement of her RFC, any error to this extent is harmless

since the ALJ's decision indicated that its conclusions were based on consideration of both her physical and mental impairments.").

**b. Second Claim of Error (Weight of Medical Opinions)**

Hooks' second claim of error is that "[t]he ALJ reversibly erred in giving greater weight to a non-examining agency psychologist [Dr. Harold Veits] over that of an examining psychologist [Kendra LaConsay, Psy.D]" and that the ALJ's decision is not supported by "substantial evidence" as a result. (Doc. 9 at 4). As part of the disability determination process, the ALJ is tasked with weighing the opinions and findings of treating, examining, and non-examining physicians. In reaching a decision, the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir.1987) (per curiam).

When weighing the opinion of a treating physician, the ALJ must give the opinions "substantial weight," unless good cause exists for not doing so. *Costigan v. Commissioner, Soc. Sec. Admin.*, 603 F. App'x. 783, 788 (11th Cir. 2015)(citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) and *Broughton v. Heckler*, 776 F.2d 960, 962 (11th Cir. 1985)). The opinion of "a one-time examining physician — or psychologist," on the other hand, is not entitled to the same deference as a treating physician. *Petty v. Astrue*, 2010 WL 989605, at *14 (N.D. Fla. Feb. 18, 2010) (citing *Crawford*, 363 F.3d at 1160). An ALJ is also "required to consider the opinions of non-examining state agency medical and psychological consultants because they 'are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation.'" *Milner v. Barnhart*, 275 F.

12

App'x. 947, 948 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1527(f)(2)(i)). "The ALJ may rely on opinions of non-examining sources when they do not conflict with those of examining sources." *Id.* (citing *Edwards v. Sullivan*, 937 F.2d 580, 584-85 (11th Cir. 1991)).

Whether considering the opinions of treating, examining, or non-examining physicians, good cause exists to discredit the testimony of any medical source when it is contrary to or unsupported by the evidence of record. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). "Good cause may also exist where a doctor's opinions are merely conclusory, inconsistent with the doctor's medical records, or unsupported by objective medical evidence." *Hogan v. Astrue*, 2012 WL 3155570, at *3 (M.D. Ala. Aug. 3, 2012). The ALJ is "free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Sryock v. Heckler*, 764 F.2d 834, 835 (11th Cir. 1985) (per curiam) (citation omitted); *Adamo v. Commissioner of Soc. Sec.*, 365 F. App'x. 209, 212 (11th Cir. 2010) ("The ALJ may reject any medical opinion if the evidence supports a contrary finding.").

Hooks argues that the ALJ erred because he "gave 'no significant weight' to the opinion of examining psychologist Kendra LaConsay, Psy. D. . . . He instead elected to give significant weight to a non-examining physician, Harold R. Veits, M.D. who evaluated the case when the Plaintiff first applied, over a year and a half prior to the decision. *Id*. Dr. Veits never examined the Plaintiff, unlike Dr. LaConsay, who administered multiple tests to the Plaintiff and observed her over the course of a full evaluation." (Doc. 9 at 5)(internal citations omitted).

13

The ALJ explained his reasons for according "no significant weight" to Dr. LaConsay's opinion by stating that it was not from a treating source, and that the opinions "are not fully consistent with the remainder of the evidence. There was a clear indication that there was information not provided during that examination. The claimant neglected to disclose that she had recently obtained a 4-year college degree. She was in a nine year relationship that she said at the hearing had now ended. She has held down jobs, since leaving the military, for years at a time while also completing college." (Tr. 43).

With regard to assigning "greater weight" to Dr. Veits' opinion, the ALJ explained, "Although a non-examining psychiatrist, he is a specialist. Likewise, he is familiar with the requirements of disability evaluation under the regulations. However, the evidence shows that was no evidence of episodes of decompensation as he noted. Otherwise, his opinion is consistent with the remainder of the evidence." Tr. 43). The ALJ concluded his RFC findings stating, "In sum, the above residual function capacity assessment is supported by the inconsistency [of] symptoms over time that fail to support her assertions regarding physical or psychological limitations, the activities of daily living include college, the conservative treatment obtained or recommended over time, the effectiveness of the medications prescribed the limited clinical signs or diagnostic findings over time, and the opinion of the state agency psychiatrist." (Tr. 44).

As described above, the ALJ articulated good cause for placing greater weight on Dr. Veits' opinion over that of Dr. LaConsay's. Further, the ALJ did not rely solely

on Dr. Veits' opinion in formulating the RFC. Accordingly, the ALJ did not err in assigning greater weight to Dr. Veits's opinion, and Hooks' second claim of error is without merit.

IV. *Conclusion*

In accordance with the foregoing analysis, it is **ORDERED** that the Commissioner's December 23, 2016final decision denying Hooks' application for DIB is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g). Final judgment shall issue separately in accordance with this Order and Federal Rule of Civil Procedure 58.

**DONE** and **ORDERED** this the **28th** day of **March 2018**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**